on behalf of Mr. Eckford. The court should vacate Mr. Eckford's 924C conviction because he doesn't have a prior conviction that qualifies as a crime of violence predicate. I'm going to focus on completed Hobbs Act robbery and submit on the arguments in the briefs on aiding and abetting Hobbs Act robbery, unless the court has any specific questions on that issue. But given the court's existing precedent on how Section 2 is interpreted, I'll submit on those arguments in the briefs. Okay. Turning to completed Hobbs Act robbery, Section 1951, by its plain terms, reaches threatening future injury to economic property. And that doesn't require the use, attempted use, or threatened use of physical force that Section 924C requires for a crime of violence. So because there is no categorical match between 924C and Hobbs Act robbery, Mr. Eckford's conviction cannot stand. Now, I'm aware of Dominguez 1 and Dominguez 2, obviously, but this argument was raised in Dominguez 1, and the panel explicitly said there that it was not going to analyze threats to intangible economic interests, because it said the defendant had failed the Duenas-Alvarez test. And the panel cited there the Mathis decision from the Fourth Circuit as support for the reason why it was not going to reach the defendant's argument there. And it said as support for the reason why it wasn't going to reach that argument, that it didn't think that the statute would be prosecuted under these circumstances because the statute didn't differentiate between tangible and intangible property. And that was what the Fourth Circuit had held. And so it just explicitly didn't reach that argument. So we think here the court should reach that argument and hold that because Hobbs Act robbery can be violated by future threats to intangible economic interests, it does not require as an element the use, attempted use, or threatened use of physical force that 924C requires. Does 924 make any reference to what the physical threat is against? Does it say that it needs to be a physical threat against a person? It says to person or property, Your Honor. Okay, so 924C refers to property? Correct. Okay, so what's the problem then with 1951? The problem in 1951 is it explicitly says fear of injury immediate or future to his person or property. And so if you can threaten fear of injury immediately or future to property, that doesn't require the use of physical force because you could threaten someone's property interest in a business by leaving a bad Yelp review. You could threaten someone, you know, I'm going to tank your business, I'm going to hurt your money, and that doesn't require the use of physical force that a 924C crime does require. That requires the use of violent physical force as the Supreme Court and this Court have held. Hobbs Act robbery doesn't. This is, I mean, it's explicitly drafted to be very close to extortion. I do concede that. But it doesn't really matter that this is very close to extortion. The 10th Circuit actually noted that in O'Connor. Is there, do you know of any jurisdiction in the United States that's ever charged of a Hobbs Act based on a Yelp review? No, but that's not fatal to our case after Taylor. It certainly would help, but I guess I'm trying to figure out whether you can be helped here. No, but I will note that the 10th Circuit and the 11th Circuit do explicitly have jury instructions that note, and we've noted those in the briefs, they do instruct their juries that property refers to intangible economic interests. And so, it's not... Is that why you, I'm trying to get my arms around the kind of hypothetical that you're envisioning because, of course, as you noted, Dominguez said, we don't think it would be Does your argument depend on this extending to the least serious, including intangible property? I'm sorry, I didn't... So I didn't ask a good question, but my first question is, does your argument depend upon this extending to intangible property as well as tangible property? You're looking for the least serious offense, right? Yes, I think so because this court has previously held that when you threaten property, you implicitly... Right. Use force. So if the least serious is intangible, as I think about this in reading the briefs, I think that's where you're going. And I'm trying to think of a and in light of our prior panel saying we just don't see that really being prosecuted. Can you give me examples of where I should decide, oh, this realistically could be prosecuted? I will, but first, I just, I do want to impress upon this court, you know, that after Taylor, that we don't have to. As long as it fits within the elements here, that we're not... The defendant's burden isn't to show how this is usually prosecuted. As long as it fits within the elements of Hobbs Act robbery, we're good. Well, you'd be better if you'd answer my question. I know, I know. I'm getting there. Okay. But yes, so threatening to harm someone's business, for instance. So I think the Yelp review was where I was going. So someone saying, you know, give me a million dollars or I'm an occurrence now where someone gets a bunch of people to go on Yelp and leave these terrible reviews. And then the next week someone's, you know, restaurant closes. So that would be an example of where someone has threatened to harm your intangible, you know, economic interest that's your business. And someone has then threatened to harm your business in the future. That's an intangible economic interest. So the disconnect in your view between 924 and 1951 is the adjective physical, as in physical force in 924. Correct. And so your concern is that 1951 doesn't say anything about the force or violence or fear of injury having to be physical. Correct. It could be injury to goodwill. Correct. They just... To commit Hobbs Act robbery, someone just has to threaten fear of injury to property. And there's no requirement that that has to be physical injury. 924C, that has to be, you have to use physical force. So if I'm looking at 1951B1, again, actual or threatened force, that would, that suggests, that does, if we, if we, if that's all we had, you surely would not be here, right? Correct. Okay. Or violence. Again, if that's all we had, you wouldn't be here. Correct. Okay. Or fear of injury. Why don't we read that in light of force or violence? Because it would be, to me, it's the natural reading of that suggests fear of injury is the fear of force or violence. And you want to add this into something completely different that says the possibility of damage to my goodwill. Because this fear of injury, immediate or future, has been interpreted sort of similar to this intimidation. So this has been interpreted to be a threat. And because it can be just a threat to property, it's not required to be the use of force. It's just interpreted to be, and I can point, I can submit a 28-J letter on this because I don't think it's in the briefs. Would this include libel and slander? Perhaps. I don't, I haven't thought that through. What's your best argument that the Dominguez panel was wrong when they said we don't see this being prosecuted, you know, realistically? What's your best argument? That they were wrong on this, well, that it's been undermined by Taylor, that we just, we don't do that anymore. We don't require this, we don't, we don't analyze whether it's going to be prosecuted. We look at what are the elements of the statute of conviction and we compare those elements to the generic crime of 924C. And your best example for me, even though, I fully understand you don't want to go there. Your best example is the one you just gave. Correct. Threatening to harm someone's business. Okay. Fair enough. I'll reserve the remainder of my time unless the court has... Hang on just one second. Judge, do you have any additional questions? No. Okay, great. Thank you so much for your argument. We'll put two minutes on the clock when you come back so you can plan accordingly, you bet. Good morning. Good morning. Good morning, Your Honors. I may please the court. Saria Bahadu on behalf of the United States. And I'll start where the court was and where my counsel was, not co-counsel, but was focused, but whether or not Hobbs Act robbery, completed Hobbs Act robbery is a crime of violence and this court's case law on that front. This argument is foreclosed as this court knows and as was acknowledged. Dominguez 2 reinstated the portions of Dominguez 1 and it did that after reviewing briefing from both the government as well as Dominguez. The government filed a motion to reinstate Dominguez 1 after Taylor was issued and it explained why it wanted to have Dominguez 1, the portions, reinstated and that's because Taylor only involved attempted Hobbs Act robbery. So it made sense why there were portions of Dominguez. Three days later, Dominguez filed a brief and in his brief, he made the same arguments that are being made to this court, that there are jurisdictions in this country that define property to include intangible rights and that Taylor had essentially curtailed the realistic probability test in Duenas Alvarez. So the court should essentially redo everything that was done in Dominguez. And Dominguez 2 disagreed and affirmed the completed 924C convictions that Dominguez had sustained and it would not have done that if it agreed with those arguments. So it's simply... So is that part 4 of Dominguez 1? Because that was count 9. That's not one of the two that we reverse in Dominguez 2. I have it right here. I believe so. It's basically the discussion on completed Hobbs Act robbery. And I believe it was only one count. I think it starts at 1260 where it's discussed. Yes, Your Honor. And in that section, it is true that Dominguez 1 does refer to Duenas Alvarez and as the court will note, it is a CF site. The Dominguez 1 panel acknowledged that Duenas Alvarez is really used when there's a comparison of a state offense and whether that is comparable to a federal generic. But then it went on to say that it agreed and adopted the reasoning in Mathis, not Supreme Court Mathis, but the Fourth Circuit Mathis, that essentially said both 924C and Hobbs Act robbery have the word property in it. And there's no reason to discern a different type of property. So if Hobbs Act robbery, if there is this hypothetical crime out there that can be completed by placing a victim in fear of injury to intangible economic interests, it still does not mean that it might not be defined as a crime of violence because the definition of a crime of violence also has that word property in it. And so because there is that match, there's no reason to think that this hypothetical crime, if it existed, would all of a sudden not be a crime of violence. In addition, Judge Bybee, you asked about why would we not interpret the words in Hobbs Act robbery, the actual threatened force or violence or fear of injury, why would we not sort of interpret that phrase fear of injury to mean similarly the force or violence to have sort of the same phrase. And the First Circuit, this is pre-Taylor, but the First Circuit in Garcia-Ortiz actually makes that analysis. And in that case, it essentially uses the canon that words mean what they're, it's the company you keep, I think, I don't know the Latin phrase for it, but the company that you keep. And essentially, it says that fear of injury has been interpreted to have sort of that attendant meaning that the force or violence, the words that surround it. So other than that, this court, since Dominguez 2, there have been some unpublished decisions that the government has submitted a 28-J letter on where panels of this court have essentially looked to Dominguez 2 as binding circuit precedent, as controlling precedent, and that's in the Wade and Gaines cases. And then there are, of course, some other circuits post-Taylor that have reached the same conclusion, and that is Baker in the 10th Circuit, Stoney in the 3rd Circuit, and actually Ali, which is a 4th Circuit case, but it was under the Taylor regime at the time, because that's where the Supreme Court, Taylor, that's the circuit that it came out of. So I don't think that there is really a question that Dominguez 2 is controlling and binding on this panel. Your argument could start and stop there. Yes, Your Honor. And I think that's because Dominguez 2 had the same arguments before it, and it considered those arguments, and it would not have affirmed if it agreed. And I think because the arguments have been made, and a panel of this court has analyzed them and remanded, you know, it affirmed the completed 924C convictions, as well as reversed the attempted Hobbs Act robbery in Dominguez, and then remanded in light of, remanded for resentencing in light of Taylor, it's very clear that the panel in Dominguez 2 considered Taylor. Right. So, and we're another three-judge panel, and we're bound by that. But, you know, once in a while, a panel will recommend to the court that we need to take something en banc, because maybe we weren't right, or maybe there's a new development, or maybe there's an ambiguity, or whatever. And so in this case, I think opposing counsel still has leeway to argue that we should do that, even under your theory, which is that we're bound. So why would that be incorrect? I think that would be correct, because there's no court that has ever reached a counter, a counterholding. There's no court that has said completed Hobbs Act robbery is not a crime of violence. And courts have assessed this very argument about intangible economic interests, and they've said no. They've said categorically, the way that this crime can be committed, in all categorical respects, that is the categorical approach, it's always going to require force. There's always, there has to be a taking, and it has to require that requisite level of force that would simply overcome a victim's resistance. And so I don't think it would be appropriate, based on this court's precedent, but also all the courts that have already looked at this issue, reached it, and looked at this exact argument, and have simply said that this is not, this is, it's not something that's going to take Hobbs Act robbery out of that definition of a crime of violence. I'd like to see if you have any questions. Nope, apparently not. Thank you so much for your argument, counsel. Real quickly, Judge Kristen, in answer to your argument about a hypothetical, this is from the Tenth Circuit, where this issue came up at oral argument, and this was the hypothetical that the If you don't give me $1 million, I won't hurt you, but I'll blow up an empty building that you own. And that was a hypothetical that the court thought that would satisfy threatening an economic interest. I actually think that's a property interest, not an intangible one. But that would satisfy Hobbs Act robbery, not use the force, but would satisfy. So that's another one for the court to mull over. In terms of Dominguez 2, I think when it reinstated it, I understand opposing counsel's point, but I still think Dominguez 1, the panel there dodged this issue. It explicitly says we need not analyze this explicit, this explicit issue. The defendant, post-Taylor, briefed this question of the intangible economic interest. And then when the Dominguez 2 panel reinstated the original opinion, I have to think carefully of my words. When the panel reinstated the original opinion, it just didn't mention anything about this, nothing about the fact that the Duenas-Alvarez reasoning was wrong in light of Taylor. So I think this is a question of an issue that is lurking in the record that was never ruled upon by the second Dominguez panel. And so I think that's a non-precedential part of the Dominguez 1 opinion. And so I don't think that this panel is bound by that part of Dominguez 1. And so if this court wants to reach this issue, I do think that it can and should. And with that, I'll submit unless the court has questions. It doesn't appear that we do. I want to thank you both for your really excellent argument and preparation. We'll take that case under advisement and go on to the next.
judges: BYBEE, CHRISTEN, Vitaliano